UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATHAN PAUL STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:08-CV-0230-G |
| CLEBURNE POLICE DEPARTMENT, | ) |
| ET AL., | ) **ECF** |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of (1) the Cleburne Police Department, (2) Police Chief Terry Powell, (3) Officer Cody Bosher, (4) Officer Kerri Abbott Hix,[*] and (5) Officer Kent Glover (hereinafter referred to collectively as "the defendants") to dismiss the plaintiff's claims against them, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In the alternative, the defendants move for summary judgment under Rule 56.

---

[*] The plaintiff named Officer Kerri Abbott and Officer Hix as separate defendants. *See* Malicious Arrest Claim Under 42 U.S.C. § 1983, *attached to* Notice of Removal *as* Exhibit 2. Apparently, however, these are the same person. *See* Defendants' Rule 12(b)(6) Motion to Dismiss at 1 n.1 ("Kerri Abbott Hix married subsequent to this suit").

For the reasons discussed below, the Rule 12(b)(6) motion to dismiss is granted. The motion for summary judgment is therefore denied as moot.

I. BACKGROUND

The plaintiff, Nathan P. Stewart ("Stewart" or "the plaintiff"), filed suit against the defendants on January 7, 2008. Stewart's claims arise out of his arrest, which occurred on January 4, 2006, for physically assaulting his wife. The plaintiff asserts the following causes of action: (1) impairing communication, (2) malicious and false arrest, (3) kidnapping, (4) illegal confinement, (5) cruel and unusual punishment, (6) harassment, (7) coercion, and (8) slander. Defendants' Brief in Support of Defendants' Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Rule 56 Motion for Summary Judgment ("Brief in Support of Motion to Dismiss") at 4.

On January 4, 2006, at approximately 9:54 a.m., police officers for the City of Cleburne, Texas were dispatched to an assault victim located at 1105 S. Ridgeway, Cleburne, Texas. *Id.* at 1-2. Officer Cody Bosher and Officer Kerri Abbott Hix responded to the call. Officers Bosher and Hix received information from the dispatcher that the plaintiff had been "off his medicine" and had hit his wife. The plaintiff's wife, Gloria Stewart, had fled to her mother-in-law's house, in tears, and complaining that the plaintiff had hit her. *Id.* at 2. Bosher and Hix went to the home of Stewart's parents. They interviewed his parents and his wife, Gloria. Gloria told the officers that she and the plaintiff had argued over their business, and during

the argument, he had hit and kicked her.  She informed Bosher and Hix that when she attempted to leave, Stewart grabbed her and tore her clothing.  *Id.* at 2.  Officer Hix took Gloria into a separate room to observe her injuries.  Officer Hix observed a red mark on her chin, and a large hand print in her back.  These marks were consistent with Gloria's account.  *Id.* at 3.

While Officers Bosher and Hix were interviewing Stewart's parents and wife, Stewart called the house at least four times.  *Id.* at 2.  After receiving no answer, Stewart appeared at his parents' house.  Upon arriving, Stewart informed the officers that he and Gloria had argued and that she had struck him during the argument.  *Id.* at 3.  As proof of this, he displayed bruises on his arms.  He admitted to the officers that he had struck his wife and torn her clothes.  Based on this admission, as well as their determination that Stewart's bruises did not look fresh, they arrested Stewart for Assault-Family Violence.  *Id.*

Stewart does not contest this basic outline of the facts.  He does, however, argue that this version of the facts leaves out the critical back-story.  Stewart argues that he was falsely arrested because, although he did physically attack his wife, he did so only to prevent her imminent assault on his mother. Malicious Arrest Claim Under 42 U.S.C. § 1983 (Attachment 2 to Notice of Removal).  The way he tells it, Gloria was attempting to run to his parents' house in order to attack his mother.  He states he was just barely able to "grab her sweat top and pull just enough to send the

both of us tumbling to the ground." *Id.* at 3.  When she "sprang up immediately," he ran after her and grabbed her sleeve, at which point she began "hitting and kicking [Stewart] with great ferver [sic]." *Id.*  He says it was at this point that he "finally slapped [her] with [an] open hand on her low back and she stopped hitting and kicking." *Id.*  After this altercation, they both returned voluntarily to their house.  Stewart then got in the shower.  When he got out, he discovered that Gloria had gone.  Fearing that she had gone to harm his mother, he rushed to his parents' house to stop the fight.  When he arrived, officers Bosher and Hix were already there.  He tried to explain to the police what had happened, but when he finished, officer Bosher told him he was under arrest.  He notes that both he and his wife protested, arguing that the officers did not understand what had happened.  Stewart contends that when the police officers arrested him over the protests of himself and his wife, it constituted a false arrest in violation of 42 U.S.C. § 1983.  *Id.*

In addition, Stewart argues that he suffered damages as a result of the allegedly false arrest.  He states that he lost a "much needed and valuable contract employee immediately" after and as a result of the arrest.  *Id.* at 4.  After Stewart's business lost this first employee, another one left a few weeks later "because of bad false word of mouth directly resulting from officer Bosher's and Abbott's [Hix's] malicious, coersive [sic], perjurous [sic], abusive and slanderous conduct resulting in my false arrest." *Id.*

Seeking redress for this allegedly false arrest, Stewart filed this suit on January 7, 2008.

The defendants filed this motion to dismiss Stewart's claims on June 16, 2008. The motion argues that Stewart has failed to state a claim upon which relief can be granted, and that his claims should therefore be dismissed pursuant to Federal Rule 12(b)(6). Specifically, the motion argues that the plaintiff's claims for impairing communication, kidnapping, harassment, and coercion are not actionable claims in Texas. Brief in Support of Motion to Dismiss at 6. Additionally, the motion argues that the individual defendants enjoy qualified immunity from liability on these claims. *Id.* at 10. Finally, the motion asserts that the statute of limitations has run on all the plaintiff's claims. *Id.* at 5.

## II. ANALYSIS

### A. The Rule 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)), *cert. denied*, __ U.S. __, 128 S.Ct. 1230 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004)).

### B. The Statute of Limitations

The limitations period for a claim brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Price v. City of San Antonio, Texas*, 431 F.3d 890, 892 (5th Cir. 2005). In Texas, the statute of limitations for a personal injury claim is two years. TEX. CIV. PRAC. & REM. CODE 16.003(a) (Vernon 2005) (requiring that a person bring suit for "trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues"). Thus, under Texas law, a § 1983 claim is governed by the two year statute of limitations. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (statute of limitations on a § 1983 claim in Texas is two years).

As for the other seven claims, they must be claims for personal injury in order for § 16.003 to apply. *Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 331 (5th Cir. 1994) ("In Texas, causes of action for personal injuries are governed by a two-year statute of limitations, which specifically provides in pertinent part that 'a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.'"). All of Stewart's claims, with the exception of the slander claim, are claims for personal injury. The Texas Civil Practice & Remedies Code does not define "personal injury." The court must therefore look elsewhere for a definition. Black's Law Dictionary defines a personal injury, *inter alia*, as "any invasion of a personal right, including mental suffering and false imprisonment." BLACK'S LAW DICTIONARY 799 (7th ed. 1999). The Texas Court of Appeals has also attempted to define this term. It has stated that "the term 'personal injury' has been used in both a narrow sense of 'bodily injury' and a broader sense, meaning a personal wrong, including libel, slander, malicious prosecution, assault, and false imprisonment, as well as bodily injury." *Taylor v. Wilson*, 180 S.W.3d 627, 632 (Tex. App.--Houston [14th Dist.] 2005, pet. den'd). In other words, a personal injury can be either an injury to the body, or to the rights of an individual. *Id.* at 633. Stewart's claims for illegal confinement, cruel and unusual punishment, harassment under color of law, impairing communication, coercion, and kidnapping are all causes of action

based upon injury to Stewart's person or rights.  They are therefore subject to the two year statute of limitations under § 16.003.

Stewart's claim for slander, however, has a one year statute of limitations. TEX. CIV. PRAC. & REM. CODE 16.002(a) ("A person must bring suit for . . . slander . . . not later than one year after the day the cause of action accrues.").  Although the discussion of personal injury above suggests that, absent a more specific provision, a claim for slander would be governed by § 16.003, the Texas legislature has provided a shorter statute of limitations for claims of slander.  As a result, Stewart must have brought his slander claim within one year from the day his cause of action accrued.

In Texas, a cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."  *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).  All of the events on which Stewart bases his claims occurred on the morning of January 4, 2006.  Defendant's Brief in Support of Motion to Dismiss at 1-2.  He does not point to any incident that occurred later than this date.  Even if all the damages resulting from the events of January 4, 2006 had not yet occurred, the cause of action accrued, under Texas law, on January 4, 2006.  *S.V.*, 933 S.W.2d at 4.  Under § 16.003, Stewart must have filed his personal injury claims by January 4, 2008.  His slander claim must have been filed by January 4, 2007.  TEX. CIV. PRAC. & REM. CODE 16.002(a).  Stewart did not file his complaint in this case until January 7, 2008.

Defendant's Brief in Support of Motion to Dismiss at 6.  Because Stewart's claims were not filed within the applicable statute of limitations period, the claims -- in their entirety -- fail as a matter of law.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.  The defendants' motion for summary judgment is **DENIED** as moot.

**SO ORDERED**.

October 3, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**