UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN PAUL STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0230-G |
| CLEBURNE POLICE DEPARTMENT, | ) | |
| ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendant Scott Cain ("Cain" or "the defendant") to dismiss the plaintiff's claims against him, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In the alternative, the defendant moves for summary judgment under Rule 56.

For the reasons discussed below, the Rule 12(b)(6) motion to dismiss is granted. The motion for summary judgment is therefore denied as moot.

I. BACKGROUND

The plaintiff, Nathan P. Stewart ("Stewart" or "the plaintiff"), filed suit against the defendant on January 7, 2008. Stewart's claim arises out of his arrest,

which occurred on January 4, 2006, for physically assaulting his wife. The plaintiff asserts only one cause of action against Cain: slander. Malicious Arrest Claim Under 42 U.S.C. § 1983 (Attachment 2 to Notice of Removal) at 10.

On January 4, 2006, at approximately 9:54 a.m., police officers for the City of Cleburne, Texas were dispatched to an assault victim located at 1105 South Ridgeway, Cleburne, Texas. Defendants' Brief in Support of Defendants' Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Rule 56 Motion for Summary Judgment at 1-2.[*] Officer Cody Bosher and Officer Kerri Abbott Hix responded to the call. Officers Bosher and Hix received information from the dispatcher that the plaintiff had been "off his medicine" and had hit his wife. The plaintiff's wife, Gloria Stewart, had fled to her mother-in-law's house, in tears, and complaining that the plaintiff had hit her. *Id.* at 2. Bosher and Hix went to the home of Stewart's parents. They interviewed his parents and his wife, Gloria. Gloria told the officers that she and the plaintiff had argued over their business, and during the argument, he had hit and kicked her. She informed Bosher and Hix that when she attempted to leave, Stewart grabbed her and tore her clothing. *Id.* at 2. Officer Hix took Gloria into a separate room to observe her injuries. Officer Hix observed a red mark on her chin,

---

[*] The statement of facts in this brief, filed by Cain's co-defendants, is adopted by Cain in his brief. Defendant Scott Cain's Brief in Support of Rule 12(b)(6) Motion to Dismiss, or, in The Alternative, Rule 56 Motion for Summary Judgment at 4.

and a large hand print in her back.  These marks were consistent with Gloria's account.  *Id.* at 3.

While Officers Bosher and Hix were interviewing Stewart's parents and wife, Stewart called the house at least four times.  *Id.* at 2.  After receiving no answer, Stewart appeared at his parents' house.  Upon arriving, Stewart informed the officers that he and Gloria had argued and that she had struck him during the argument.  *Id.* at 3.  As proof of this, he displayed bruises on his arms.  He admitted to the officers that he had struck his wife and torn her clothes.  Based on this admission, as well as their determination that Stewart's bruises did not look fresh, they arrested Stewart for Assault-Family Violence.  *Id.*

Stewart does not contest this basic outline of the facts.  He does, however, argue that this version of the facts leaves out the critical back-story.  Stewart argues that he was falsely arrested because, while he admits he physically attacked his wife, he states that he was merely preventing his wife from assaulting his mother.  Malicious Arrest Claim Under 42 U.S.C. § 1983 (Attachment 2 to Notice of Removal).  His version of the facts is that Gloria was attempting to run to his parents' house in order to attack his mother.  He states he was just barely able to "grab her sweat top and pull just enough to send the both of us tumbling to the ground."  *Id.* at 3. When she "sprang up immediately," he ran after her and grabbed her sleeve, at which point she began "hitting and kicking [Stewart] with great ferver [sic]."  *Id.*  He

says it was at this point that he "finally slapped [her] with [an] open hand on her low back and she stopped hitting and kicking." *Id.* After this altercation, they both returned voluntarily to their house. Stewart then got in the shower. When he got out, he discovered that Gloria had gone. Fearing that she had gone to harm his mother, he rushed to his parents' house to stop the fight. When he arrived, officers Bosher and Hix were already there. He tried to explain to the police what had happened, but when he finished, officer Bosher told him he was under arrest. He notes that both he and his wife protested, arguing that the officers did not understand what had happened. Stewart contends that when the police officers arrested him over the protests of himself and his wife, it constituted a false arrest in violation of 42 U.S.C. § 1983. *Id.*

In addition, Stewart argues that he suffered damages as a result of the allegedly false arrest. He states that he lost a "much needed and valuable contract employee immediately" after and as a result of the arrest. *Id.* at 4. After Stewart's business lost this first employee, another one left a few weeks later "because of bad false word of mouth directly resulting from officer Bosher's and Abbott's [Hix's] malicious, coersive [sic], perjurous [sic], abusive and slanderous conduct resulting in my false arrest." *Id.* Seeking redress for this allegedly false arrest, Stewart filed this suit on January 7, 2008.

Stewart does not explain Cain's role in this chain of events. Cain, however, states in his motion to dismiss that he acted as the attorney for Stewart's daughter, Natalie Stewart. Defendant Scott Cain's Brief in Support of Rule 12(b)(6) Motion to Dismiss, or, in The Alternative, Rule 56 Motion for Summary Judgment at 4. Stewart's parents retained him to ensure that Natalie was kept safe. On January 6, 2006, Cain spoke with Constable Gary Braley about Stewart. *Id*. On this same date, a citation was issued to serve Stewart with the application for protective order, in favor of Natalie. *Id*. Stewart was served with this citation on the same day. Stewart's claim against Cain arises out of the events that took place on this day (January 6, 2006).

The defendant filed this motion to dismiss on July 18, 2008. The motion argues that Stewart has failed to state a claim upon which relief can be granted, and that his claims should therefore be dismissed pursuant to Federal Rule 12(b)(6). In particular, the motion argues that the statute of limitations has run on the plaintiff's claim. *Id.* at 6.

## II. ANALYSIS

### A. The Rule 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v.*

*Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)), *cert. denied*, __ U.S. __, 128 S.Ct. 1230 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004)).

B. The Statute of Limitations

In Texas, a claim for slander has a one year statute of limitations. TEX. CIV. PRAC. & REM. CODE 16.002(a) ("A person must bring suit for . . . slander . . . not later than one year after the day the cause of action accrues."). As a result, Stewart must have brought his slander claim within one year from the day his cause of action accrued. In Texas, a cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). All the

events on which Stewart bases his claims occurred on January 6, 2006. Malicious Arrest Claim Under 42 U.S.C. § 1983 (Attachment 2 to Notice of Removal). He does not point to any incident that occurred later than this date. Even if all the damages resulting from the events of January 6, 2006 had not yet occurred, the cause of action accrued, under Texas law, on January 6, 2006. *S.V.*, 933 S.W.2d at 4. Stewart must have filed his claim by January 6, 2007. TEX. CIV. PRAC. & REM. CODE 16.002(a). Stewart did not file his complaint until January 7, 2008. Defendant's Brief in Support of Motion to Dismiss at 6. Because Stewart's claims were not filed within the applicable statute of limitations period, his claims against Cain fail as a matter of law.

## III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. The defendant's motion for summary judgment is **DENIED** as moot.

**SO ORDERED**.

October 3, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**