# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

NATHAN PAUL STEWART,                    )
                                        )
      Plaintiff,                  )
                                        )          CIVIL ACTION NO.
VS.                                     )
                                        )          3:08-CV-0230-G
CLEBURNE POLICE DEPARTMENT,             )
ET AL.,                                 )                **ECF**
                                        )
      Defendants.                 )


## <u>MEMORANDUM OPINION AND ORDER</u>


Before the court is the motion of (1) Johnson County, (2) Sheriff Bob Alford, and (3) David "Big Boy" Mitchell (hereinafter referred to collectively as "the defendants") to dismiss the plaintiff's claims against them, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In the alternative, the defendants move for summary judgment under Rule 56.

For the reasons discussed below, the Rule 12(b)(6) motion to dismiss is granted. The motion for summary judgment is therefore denied as moot.

# I.  BACKGROUND

The plaintiff, Nathan P. Stewart ("Stewart" or the "plaintiff"), filed suit against the defendants on January 7, 2008.  Stewart's claims arise out of the events surrounding his arrest, which occurred on January 4, 2006, for physically assaulting his wife.  The plaintiff asserts the following causes of actions:  (1) impairing communication, (2) malicious and false arrest, (3) kidnapping, (4) illegal confinement, (5) cruel and unusual punishment, (6) harassment under color of law, and (7) coercion and slander.  Defendants Johnson County, Texas, Sheriff Bob Alford, and David "Big Boy" Mitchell's Brief in Support of Their Motion to Dismiss And, in The Alternative, Motion for Summary Judgment ("Brief in Support of Motion to Dismiss") at 2.

On January 4, 2006, at approximately 9:54 a.m., police officers for the City of Cleburne, Texas were dispatched to an assault victim located at 1105 South Ridgeway, Cleburne, Texas.  *See* Defendants' Brief in Support of Defendants' Rule 12(b)(6) Motion to Dismiss, Or in the Alternative, Rule 56 Motion for Summary Judgment at 1-2 (the statement of facts in this brief, filed by Cain's co-defendants, explains what happened before any involvement by these defendants).  Officer Cody Bosher and Officer Kerri Abbott Hix responded to the call.  Officers Bosher and Hix received information from the dispatcher that the plaintiff had been "off his medicine" and had hit his wife.  The plaintiff's wife, Gloria Stewart, had fled to her

mother-in-law's house, in tears, and complaining that the plaintiff had hit her. *Id.* at 2. Bosher and Hix went to the home of Stewart's parents. They interviewed his parents and his wife, Gloria. Gloria told the officers that she and the plaintiff had argued over their business, and during the argument, he had hit and kicked her. She informed Bosher and Hix that when she attempted to leave, Stewart grabbed her and tore her clothing. *Id.* at 2. Officer Hix took Gloria into a separate room to observe her injuries. Officer Hix observed a red mark on her chin, and a large hand print in her back. These marks were consistent with Gloria's account. *Id.* at 3.

While Officers Bosher and Hix were interviewing Stewart's parents and wife, Stewart called the house at least four times. *Id.* at 2. After receiving no answer, Stewart appeared at his parents' house. Upon arriving, Stewart informed the officers that he and Gloria had argued and that she had struck him during the argument. *Id.* at 3. As proof of this, he displayed bruises on his arms. He admitted to the officers that he had struck his wife and torn her clothes. Based on this admission, as well as their determination that Stewart's bruises did not look fresh, they arrested Stewart for Assault-Family Violence. *Id.* As a result of this arrest and the alleged damages it caused, Stewart filed this suit on January 7, 2008.

After officers Bosher and Hix arrested Stewart, they transported him to the Johnson County Jail at approximately 10:55 a.m. Brief in Support of Motion to

Dismiss at 2. He was detained there pursuant to the arrest made by the officers of the Cleburne Police Department. Later that day, Stewart was released on bond. *Id.*

The defendants filed this motion to dismiss the claims on June 30, 2008. The motion argues that Stewart has failed to state a claim upon which relief can be granted, and that his claims should therefore be dismissed pursuant to Federal Rule 12(b)(6). In particular, the motion asserts that the statute of limitations has run on all the plaintiff's claims. *Id.* at 6.

## II. ANALYSIS

### A. The Rule 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)), *cert. denied*, __ U.S. __, 128 S.Ct. 1230 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004)).

## B. The Statute of Limitations

The limitations period for a claim brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Price v. City of San Antonio, Texas*, 431 F.3d 890, 892 (5th Cir. 2005). In Texas, the statute of limitations for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE 16.003(a) (Vernon 2005) (requiring that a person bring suit for "trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not more than two years after the day the cause of action accrues"). Thus, under Texas law, a § 1983 claim is governed by the two year statute of limitations. *Burrell v. Newsome*, 884 F.2d 416, 420 (5th Cir. 1989) (statute of limitations on a § 1983 claim in Texas is two years).

As for the other claims, they must be claims for personal injury in order for § 16.003 to apply. *Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 331 (5th Cir. 1994) ("In Texas, causes of action for personal injuries are governed by a two-year statute of limitations, which specifically provides in pertinent part that 'a

person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.'"). All of Stewart's claims, with the exception of the slander claim, are claims for personal injury. The Texas Civil Practice & Remedies Code does not define "personal injury." The court must therefore look elsewhere for a definition. Black's Law Dictionary defines a personal injury as "any invasion of a personal right, including mental suffering and false imprisonment." BLACK'S LAW DICTIONARY 799 (7th ed. 1999). The Texas Court of Appeals has also attempted to define this term. It has stated that "the term 'personal injury' has been used in both a narrow sense of 'bodily injury' and a broader sense, meaning a personal wrong, including libel, slander, malicious prosecution, assault, and false imprisonment, as well as bodily injury." *Taylor v. Wilson*, 180 S.W.3d 627, 632 (Tex. App.--Houston [14th Dist.] 2005, pet. den'd). In other words, a personal injury can be either an injury to the body, or to the rights of an individual. *Id.* at 633. Stewart's claims for unlawful detention, failure to act on complaint, denial of civil rights (being denied the phone call), and verbal abuse and threats are all causes of action based upon injury to Stewart's person or rights. They are therefore subject to the two year statute of limitations under § 16.003.

In Texas, a cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). All of

the events on which Stewart bases his claims occurred on the morning of January 4, 2006. Brief in Support of Motion to Dismiss at 1-2. He does not point to any incident that occurred later than this date. Even if all the damages resulting from the events of January 4, 2006 had not yet occurred, the cause of action accrued, under Texas law, on January 4, 2006. *S.V.*, 933 S.W.2d at 4. Under § 16.003, Stewart must have filed his personal injury claims by January 4, 2008. His slander claim must have been filed by January 4, 2007. TEX. CIV. PRAC. & REM. CODE 16.002(a). Stewart did not file his complaint until January 7, 2008. Brief in Support of Motion to Dismiss at 6. Because Stewart's claims were not filed within the applicable statute of limitations period, the claims -- in their entirety -- fail as a matter of law.

## III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. The defendants' motion for summary judgment is **DENIED** as moot.

**SO ORDERED**.

October 3, 2008.

A. JOE FISH
**Senior United States District Judge**